# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-8734** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Attorney's Fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA") (Doc. 31).

Plaintiff seeks a total of $7,514.70. The amount is comprised of 3.05 attorney hours at $186 per hour for 2017 ($567.30), 29.7 attorney hours at $192 per hour in 2018 and 2019 ($5,702.40), and 12.45 law clerk hours at $100 per hour ($1,245.00).[1]

Defendant Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "Commissioner"), concedes that "Plaintiff is entitled to an award of attorney fees under the EAJA, 28 U.S.C. § 2412, that hours worked are reasonable, and that the requested hourly rates for attorney services are reasonable. Accordingly, the [Government] is without objection to the hours spent and the EAJA rates requested in Plaintiff's Motion."[2]

---

[1] Regarding attorney hours worked in 2018 and 2019, the text of Plaintiff's Motion requests a total of $5,702.40 for 28.45 hours worked at $192 per hour. Doc. 31 at 1. But 28.45 hours of work at $192 per hour only amounts to $5,462.40. Nevertheless, billing records attached to Plaintiff's Motion show that the total amount of attorney hours worked actually was 29.7 hours, not 28.45 hours. Doc. 31-3 at 3. The subtotal of $5,702.40 results from 29.7 hours worked at $192 per hour. This explains the discrepancy in the text of Plaintiff's Motion.

[2] Doc. 34 at 1.

The Commissioner nonetheless opposes Plaintiff's Motion on the ground that Plaintiff's counsel seeks a fee award payable to him rather than his client.[3] Indeed, contrary to Plaintiff's assertion,[4] the Supreme Court in *Astrue v. Ratliff* held that EAJA fees shall be paid "to the litigant" and not "directly to the attorney."[5] The Fifth Circuit and other sections of this Court have recognized as much.[6] To the extent Plaintiff attempted to assign the award to his counsel, the assignment was defective because two witnesses did not sign it.[7]

Although the award must be made payable to Plaintiff, it may be mailed to Plaintiff's attorney per counsel's request.[8]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion (Doc. 31) is **GRANTED**. Plaintiff Gregory Washington is hereby awarded attorney's fees under the

---

[3] *See id.*
[4] *See* Doc. 31 at 1, n.1.
[5] 560 U.S. 586, 593 (2010).
[6] *See* Jackson v. Astrue, 705 F.3d 527, 531 n.11 (5th Cir. 2013) ("[T]he government pays EAJA fees directly to the litigant."); Washington v. Colvin, No. 14-123, 2015 WL 8526680, at *2 (E.D. La. Dec. 11, 2015) (Brown, J.) ("[T]he Court will award attorneys' fees payable to Plaintiff Ashley Washington."); Joiner v. Colvin, No. 14-1315, 2015 WL 6442710, at *2 (E.D. La. Oct. 23, 2015) (Morgan, J.) ("[T]his Court finds that any award of attorney's fees to Plaintiff must be made payable to Plaintiff, and not Plaintiff's attorney.").
[7] *See* 31 U.S.C. § 3727(b) ("The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses."); Thomas v. Colvin, 2018 WL 2294080, at *2 (W.D. La. May 18, 2018) (holding that an attempted assignment of EAJA attorney fees was defective where it was not attested two by two witnesses as required by the Anti-Assignment Act).
[8] *See* Prince v. Colvin, 94 F. Supp. 3d 787, 815 (N.D. Tex. 2015) ("Defendant should be ordered to make the check payable to Gregory Charles Prince but to mail the check to Plaintiff's attorney's address.); Lott v. Berryhill, No. CV 17-0783, 2018 WL 6920115, at *2 (W.D. La. Dec. 17, 2018) ("IT IS RECOMMENDED that . . . the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff"), *report and recommendation adopted*, No. 5:17-CV-00783, 2019 WL 80899 (W.D. La. Jan. 2, 2019).

EAJA in the amount of $7,514.70. Payment shall be made payable to Plaintiff, but the check shall be sent to Plaintiff's counsel's office.

New Orleans, Louisiana this 15th day of July, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**