UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY C. WASHINGTON | CIVIL ACTION |
| VERSUS | NUMBER: 17-8734 |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | SECTION: "H"(5) |

## REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge (rec. doc. 44), before the Court is Plaintiff's petition for attorney's fees pursuant to §206(b)(1) of the Social Security Act, the Government's response thereto, and Plaintiff's memorandum in reply. (Rec. docs. 36, 39, 43). For the reasons that follow, it is recommended that the petition be granted and that the requested fee be approved.

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration ("SSA") denying him Disability Insurance Benefits ("DIB"). (Rec. doc. 1). Following the filing of cross-motions for summary judgment by the parties (rec. docs. 23, 27), on November 27, 2018, the undersigned issued a Report and Recommendation recommending that Plaintiff's motion for summary judgment be granted in part and that his case be remanded to the Commissioner for proper consideration of a VA disability rating and determination. (Rec. doc. 28). Neither party filed objections to the aforementioned Report and Recommendation and on February 13, 2019, the District Judge issued an order adopting the Report as her opinion and remanding Plaintiff's case to the Commissioner as had been recommended. (Rec. doc. 29). Plaintiff subsequently moved for and was granted attorneys'

fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.  (Rec. docs. 31, 34, 35).[1]

Upon remand to the Commissioner, Plaintiff ultimately prevailed and was awarded past-due benefits, of which $35,843.15, 25% of the award, was withheld for payment of legal fees.  (Rec. doc. 36-1).  Pursuant to 42 U.S.C. §406(b), Plaintiff's counsel now seeks a court order awarding him and his firm the withheld amount in light of his contingent fee agreement with Plaintiff.  (Rec. doc. 36-2).  The Government has since filed a response to Plaintiff's petition, respectfully "… declin[ing] to assert a position on the reasonableness of Plaintiff's attorney's request, because the Commissioner is not the true party in interest." (Rec. doc. 39 at p. 1) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002)).  The Government goes on to advise that an award of fees under §406(b) is permissive rather than mandatory, guided by the reasonableness and timeliness of the fee request, following which it provides the Court with various legal standards to assist it in its determination.  (Rec. doc. 39).

Section 406(b) of the Social Security Act allows for an award of attorney's fees to a disability benefits claimant's counsel who successfully pursues an appeal in court, with the fees to be paid out of the past due benefits that were awarded to the claimant.  *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011); *Calaforra v. Berryhill*, No. 15-CV-2298, 2017 WL 4551350 at *2 (S.D. Tex. Oct. 12, 2017).  "Congress intended §406(b) 'to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary.'" *Jackson v. Astrue*, 705 F.3d 527, 530 (5th Cir. 2013) (quoting *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)).  The statutory

---

[1] Plaintiff reports that the EAJA fee was subsequently "confiscated" by the Government to extinguish a debt he owed to it.  (Rec. doc. 36, p. 2).  A refund of the EAJA fee is thus not at issue.

limit on the amount of attorney's fees at 25% of the claimant's past due benefits also serves to foster Congress' intention that benefits for the disabled not be diluted by excessive contingency fee agreements. *Id.* at p. 530 n. 6. Section 406(b) applies when, as here, the claimant obtains a favorable decision on remand to the SSA. *Id.* at 531. Even in situations where the requested fee is within the statutory ceiling of 25%, "… §406(b) requires a court to review the 'arrangement as an independent check, to assure that it yields reasonable results' in the case." *Calaforra*, 2017 WL 4551530 at *3 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (internal quotation marks omitted)). The independent check to be performed by a court serves to insure that the fee is not simply a windfall to the attorney. *Jeter v. Astrue*, 622 F.3d 371, 380-82 (5th Cir. 2010). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Id.* at 379. A court is vested with wide discretion in approving or discounting the amount of attorney's fees. *Id.* at 376.

      The Court's task here is to determine if Plaintiff's attorney has carried his burden of proving that the fee he seeks under §406(b) is reasonable. *Gisbrecht*, 535 U.S. at 807 n. 17; *Calaforra*, 2017 WL 4551350 at *3. Courts performing that exercise have looked to a number of non-exhaustive factors, including the existence of a contingency fee agreement, the risk of loss that the attorney takes on, the experience and quality of the attorney, whether the attorney caused any unnecessary delay, and the resulting hourly rate. *Jeter*, 622 F.3d at 377; *Calaforra*, 2017 WL 4551350 at *4. No one factor is dispositive, and a court may not rely exclusively on the resulting hourly rate in determining the reasonableness of the requested fee. *Jeter*, 622 F.3d at 377. "If the court finds the fee unreasonable, it 'must discuss the factors that demonstrate that the success on appeal is

3

not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney.'" *Blanks v. Berryhill*, No. 14-CV-0303, 2017 WL 6389693 at *2 (S.D. Tex. Nov. 21, 2017), *adopted*, 2017 WL 6398748 (S.D. Tex. Dec. 13. 2017) (quoting *Jeter*, 622 F.3d at 381).

Guided by these principles, the Court believes that the fee requested by Plaintiff's counsel in this case is reasonable. Shortly before this lawsuit was filed, Plaintiff negotiated and thereafter entered into a contingency fee agreement with the moving attorney and his law firm which set the attorneys' compensation at 25% of any recovery of past-due benefits. (Rec. doc. 36-2). That percentage falls within the range set by statute. 42 U.S.C. §406(b)(1)(A). Operating under a contingency fee arrangement, counsel assumed the risk that no benefits would be awarded and that his firm would receive nothing for its efforts. *Smith v. Berryhill*, No. 15-CV-0686, 2017 WL 1501542 at *2 (N.D. Tex. Apr. 6, 2017), *adopted*, 2017 WL 1494722 (N.D. Tex. Apr. 26, 2017) (substantial risk of loss in Social Security cases). One court has noted that on average, only 35% of claimants who filed suit received benefits. *Charlton v. Astrue*, No. 10-CV-0056, 2011 WL 6325905 at *4 (N.D. Tex. Nov. 22, 2011), *adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011).

In terms of the experience and quality of the attorney, the Court notes that Plaintiff's lead counsel possesses considerable experience in the field, having litigated numerous cases at the judicial and administrative levels in his nearly 48 years of practice. (Rec. doc. 36-3, pp. 1-2). *Smith*, 2017 WL 1501542 at *3 (citing counsel's experience of over 40 years). Lead counsel's supporting staff are also experienced. (Rec. doc. 36-3, pp. 3-6). A review of the record reveals that Plaintiff's counsel devoted a total of 45.2 hours of work to this case at the judicial level, including filing a 29-page cross-motion for summary

judgment that identified at least one meritorious argument that had been distilled from the 902-page administrative record. (Rec. docs. 23, 20). Additionally, there is no evidence that Plaintiff's counsel was responsible for any protracted or unnecessary delay in the proceedings and, in any event, notwithstanding its trustee-like role, the Government has effectively waived any such argument in not formally opposing the fee request on timeliness grounds. *See*, e.g., *Vasquez v. Barnhart*, 459 F.Supp.2d 835, 836 (N.D. Iowa 2006) (waiver of deadline for EAJA application).

Finally, in terms of an hourly rate, an award of the fees requested by Plaintiff's counsel would compensate them at a rate of $792.99 per hour for the work that they performed at the judicial level. That amount is significantly higher than the hourly rates typically awarded on EAJA fee applications and is higher than the hourly rate of $500 that Plaintiff's lead counsel typically charges in non-contingency cases involving comparable work. (Rec. doc. 31-5, p. ). Nevertheless, "... as a result of the legislative history behind §406(b) – as well as the difficult nature of Social Security appeals and their low rates of success in general – an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." *Jeter*, 622 F.3d at 382. Indeed, given that Plaintiff was awarded substantial past-due benefits that totaled $143,327.60, the applicable hourly rate is but a reflection of the effective and efficient representation that was provided to Plaintiff by counsel. An hourly rate of $729.99 is also less than rates approved in other cases. *Claypool v. Barnhart*, 294 F.Supp.2d 829 (S.D. W. Va. 2003) ($1,433.12 per hour); *Sabourin v. Colvin*, No. 11-CV-2109, 2014 WL 3949506 (N.D. Tex. Aug. 12, 2014) ($1,245.55 per hour); *Brown v. Barnhart*, 270 F.Supp.2d 769 (W.D. Va. 2003) ($977.20 per hour); *Wilson v. Berryhill*, No. 13-CV-1304, 2017 WL 1968809 (N.D. Tex. Apr. 7, 2017), *adopted*, 2017 WL

1956242 (N.D. Tex. May 11, 2017) ($937.50 per hour); *Prude v. U.S. Comm'r Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033 (W.D. La. Jan. 22, 2014) (same). The requested hourly rate is similarly within the range of awards for cases involving comparable work. *Smith*, 2017 WL 1501542 at *3 (finding $20,898.68 for 27.10 hours reasonable). In light of these authorities and the Commissioner's position, the Court finds that the requested award is reasonable as it is a direct result of counsel's advocacy and does not result in a windfall to Plaintiff's counsel. *Calaforra*, 2017 WL 4551350 at *4.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's petition for attorney's fees be granted and that the requested fee of $35,843.15 be approved.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 20th day of May, 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.